## SAYERS *v.* MCKEEVER.

SPECIFIC PERFORMANCE—LAND CONTRACTS—WHO TO PAY TAXES—
TENDER OF DEED—ABANDONMENT.

On a bill by the vendee for the specific performance of a
land contract, where there was no provision in the con-
tract that defendants should pay the taxes on the prem-
ises, which would not become a lien thereon until the
day after a tender of the deed, duly executed, was made,
which plaintiff refused to accept unless defendants would
agree to pay the taxes, the defendants were justified in
treating the contract as abandoned by plaintiff.

Appeal from Wayne; Mandell (Henry A.), J. Sub-
mitted June 10, 1920. (Docket No. 33.) Decided
July 20, 1920.

Bill by Jennie L. Sayers against Frank A. McKeever
and another for the specific performance of a land
contract. From a decree for plaintiff, defendants ap-
peal. Reversed, and bill dismissed.

*Barbour, Field & Martin,* for plaintiff.

*William Henry Gallagher* and *Francis T. McGann,*
for defendants.

SHARPE, J. Defendants, on June 20, 1919, contract-
ed to sell certain real estate in Detroit to plaintiff.
The deal was to be closed within five days after ab-
stracts were furnished. Five hundred dollars was
paid thereon. Julius L. Baker, of the real estate firm
of J. Lee Baker & Company, represented both parties
during the negotiations. On July 14th, the defendants
went to Mr. Baker's office to close the transaction.
The plaintiff was not present, in fact she and the de-
fendants had never met. Computations were made as

to rent, insurance, etc., as provided in the contract, and an agreement reached thereon. The necessary conveyances were then prepared and executed by the defendants. The question as to who should pay the city taxes, which would become a lien on the property on July 15th, was then raised by Mr. Baker. Defendants declined to do so. Baker telephoned to plaintiff, and she also refused. Defendants then tendered the conveyances and other writings to Baker for plaintiff, who refused to accept them, and the parties separated. Later, on the same day, Baker told McKeever by telephone that plaintiff would not pay the taxes, but was otherwise ready to perform the contract. McKeever then told him he would not pay the taxes, and declined to further carry out the contract. Later, and in the early part of August, plaintiff, through her attorney, made a tender to McKeever of the amount due and demanded a warranty deed of the premises as provided for in the contract. McKeever refused to accept, whereupon plaintiff, on August 22d, filed the bill of complaint herein, praying for a specific performance of the contract. On October 7th, defendants tendered to plaintiff the $500 down payment they had received. From a decree in plaintiff's favor, defendants appeal.

Both parties were apparently ready to perform the contract at the meeting in Mr. Baker's office on July 14th and, had not the question of payment of taxes then arisen, the deal would no doubt have been closed. The taxes would become a lien on the property on the following day. The contract was silent as to who should pay them. Had the warranty deed provided for in the contract been executed on the 14th, defendants would have been under no legal obligation to pay the taxes as they were not then a lien on the property, whereas, had the deed been made later, they would have been chargeable with their payment under the

usual warranty clause against incumbrances in order to relieve the property from the lien created thereby.

We think, under the terms of the contract, that when the parties had agreed on all things necessary to full performance on July 14th defendants had a right to insist that the deed to plaintiff should be executed as of that day. It was apparently well within the understanding of the parties when the contract was made on June 20th that it would be performed as early as July 14th. Plaintiff might have protected herself against payment of taxes by a provision in the contract that defendants should pay them. Not having done so, her refusal to perform unless defendants agreed to pay such taxes justified defendants, after making tender as was done on the 14th, in treating the contract as abandoned by plaintiff and in refusing to further perform. The conclusion reached renders it unnecessary to consider the other questions discussed by counsel.

The decree will be reversed, and one entered here dismissing plaintiff's bill of complaint, with costs to defendants.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.